UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADAM T BEATY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-04007-JMS-MJD |
| ) | |
| MS MONK R.N. Corizon Medical Provider, ) | |
| ) | |
| Defendant. ) | |

**ENTRY GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

**I. Background**

Plaintiff Adam T. Beaty filed this civil rights action on December 18, 2018, in the Northern District of Indiana, and it was transferred to this Court on December 20, 2018. Dkt. 1. At all relevant times, Mr. Beaty was incarcerated at the Heritage Trail Correctional Facility (Heritage Trail). At screening, the Court allowed a claim of deliberate indifference to a serious medical need to proceed against a single defendant, Nurse Monk.

Nurse Monk has moved for summary judgment and Mr. Beaty has not opposed the motion. For the reasons explained in this Entry, the defendant's unopposed motion for summary judgment, dkt. [37], must be **granted.**

**II. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P*. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying" designated evidence which

"demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, "the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a *genuine issue for trial*.'" *Cincinnati Life Inc. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Mr. Beaty failed to respond to the defendant's motion for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Beaty has conceded the defendant's version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). Although *pro se* filings are construed liberally, *pro se* litigants such as Mr. Beaty are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "pro se litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool"

from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## III. Discussion
### A. Undisputed Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Beaty as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Defendant Julia Monk (Nurse Monk) is a nurse licensed to practice medicine in the State of Indiana. During all times relevant to Mr. Beaty's complaint, she was employed by Wexford of Indiana, LLC, as a licensed practical nurse (LPN) at Heritage Trail. Dkt. 39-1, at ¶ 1-2.

As an LPN, Nurse Monk does not have the authority to order specific care and treatment. She is responsible for assisting in the delivery of patient care through the nursing process of assessment, planning, implementation, and evaluation within the Indiana LPN scope of practice. She works under the supervision of registered nurses. Specific care and treatment are ordered by the attending physician or nurse practitioner. *Id.* at ¶ 4.

As an LPN at Heritage Trail, Nurse Monk saw and treated Mr. Beaty. *Id*. at ¶ 5. On January 10, 2018, Mr. Beaty presented to medical stating that he was at recreation using a weight machine when the machine fell on him. He complained of pain with movement and tenderness. Nurse Monk assessed Mr. Beaty's back and ribs and took his vital signs. While Mr. Beaty had tenderness and pain with movement, there was no evidence of any discoloration, bruising, or swelling, and his range of motion was within normal limits. Therefore, Nurse Monk provided him with instructions on heat applications and use of ice and provided Tylenol to take as needed for any pain. Mr. Beaty

3

was instructed to return to nurse sick call if his symptoms did not subside or became worse. *Id*. at ¶ 6; dkt. 39-1 at 4.

On January 12, 2018, Mr. Beaty returned to nurse sick call wanting an x-ray and again complaining of pain. Nurse Monk again assessed Mr. Beaty's back and ribs. There was no sign of any bruising, no swelling, no labored breathing, and his range of motion was within normal limits. Therefore, she again provided him with acetaminophen and informed him that he could get further pain medications from commissary. Nurse Monk provided Mr. Beaty with crutches at this visit due to his continued pain with movement. She also noted that he may require a housing reassignment. He was instructed to return to nurse sick call if his symptoms did not subside or became worse. Dkt. 39-1 at ¶ 7; dkt. 39-1 at 6-8.

While Mr. Beaty believes that another inmate was present at his visit on January 12, 2018, and that Nurse Monk asked this inmate to look at Mr. Beaty's back, Nurse Monk would not have had another inmate present at any patient's visit and certainly would not have another inmate perform an assessment on a patient. Dkt. 39-1 at ¶ 8.

As a result of Mr. Beaty's continued complaints of pain and request for an x-ray, he was referred to and seen by the nurse practitioner on January 16, 2018. After that he was seen by other health care providers for further care. Nurse Monk was not involved in Mr. Beaty's care and treatment related to his complaints of pain after January 12, 2018. *Id*. at ¶ 9-10.

During his deposition, Mr. Beaty testified that on January 16 and again on January 25, 2018, he saw a nurse practitioner. She instructed him on knee, chest, and leg exercises for his back pain and to use ice compresses as needed. Dkt. 39-2 at p. 50, lines 15-24.[1] Mr. Beaty testified that

---

[1] Although Nurse Monk refers to medical records in her brief in support of summary judgment, she does not cite to them in the record. The only medical records the Court has located are six pages attached to Nurse Monk's affidavit at dkt. 39-1.

4

the exercises and stretching helped a little bit. *Id.* at p. 52, lines 7-9. A chest x-ray was ordered because he now complained of pain with breathing. Dkt. 39-1 at 9. Mr. Beaty testified during his deposition that his chest x-ray showed no fracture. Dkt. 39-2 at p. 45; *id.* at p. 48, lines 21-23. The nurse practitioner also ordered Mobic which is a pain reliever, and a bottom bunk pass. *Id.* at pp. 46-7.

On July 26, 2018, x-rays were ordered of Mr. Beaty's lumbar spine, which also showed no fracture. *Id.* at pp. 58-60. Mr. Beaty was transferred to Miami Correctional Facility (Miami) in August of 2018. *Id.* at p. 61, lines 9-12.

### B. Analysis

Mr. Beaty was a convicted prisoner at all relevant times. This means that the Eighth Amendment applies to his claims. *Estate of Clark v. Walker*, 865 F.3d 544, 546, n.1 (7th Cir. 2017). ("the Eighth Amendment applies to convicted prisoners"). To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Petties v. Carter,* 836 F.3d 722, 728 (7th Cir. 2016); *Pittman ex rel. Hamilton v. Cty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011). "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014). "[M]inor pains" do not constitute serious medical conditions. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829 (7th Cir. 2009).

When asked why he was suing Nurse Monk, Mr. Beaty testified that when he got to medical on January 10, 2018, she gave him a box of Tylenol and told him to leave. Dkt. 39-2 at p. 24, lines

12-21. Mr. Beaty testified that Nurse Monk should have ordered him an x-ray and been more professional. *Id*. at p. 26, lines 11-23. He testified that Nurse Monk made him not trust the medical staff because he believed she had another inmate look at his back. *Id*. at p. 28, lines 3-6. Mr. Beaty testified that he heard her ask someone else if they saw any bruising and he turned around to find that it was an inmate. *Id*. at lines 9-17. Yet, Mr. Beaty testified that the alleged other inmate was not in the room when his visit began, and he did not see him enter the room during his visit. *Id*. at p. 72-73. Mr. Beaty also admitted that he does not know whether Nurse Monk used this alleged other inmate's opinion in determining his treatment. *Id*. at p. 81, lines 8-13.

Mr. Beaty also stated that Nurse Monk should have ordered him a bottom bunk pass immediately. *Id*. at p. 30, lines 5-6. But Mr. Beaty testified that a sergeant ended up getting him a bottom bunk that very night. *Id*. at lines 14-18.

"[A]n inmate is not entitled to demand specific care and is not entitled to the best care possible…." *Arnett v. Webster,* 658 F.3d 742, 754 (7th Cir. 2011). Rather, inmates are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id.* "As its name implies, deliberate indifference requires 'more than negligence and approaches intentional wrongdoing.'" *Goodloe v. Sood*, 947 F.3d 1030 (7th Cir. 2020) (quoting *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)).

In this case, the undisputed evidence reflects that Nurse Monk saw Mr. Beaty on the night his injury occurred. She examined Mr. Beaty's back because of his complaints of pain. She took his vital signs, told him to use heat and ice, and provided pain medication. She told him to return to sick call if his pain did not improve. She also saw him two days later. On the second visit, she examined his back again and found no swelling, bruising, or labored breathing. His range of motion continued to be normal. She gave him crutches for his complaints of pain with movement. Nurse

6

Monk testified that no other inmate was present when she examined Mr. Beaty, and there is no evidence that she relied on the opinion of any alleged other inmate in determining what treatment was appropriate. Four days later, x-rays were taken which showed no fracture.

These were the only times Nurse Monk saw Mr. Beaty for his back pain. Other providers at Heritage Trail examined him in response to his complaints of continuing pain, but there is no evidence that Nurse Monk's preliminary evaluation and treatment were inappropriate or that she deliberately ignored any substantial risk of serious harm. There is no evidence that Nurse Monk failed to take reasonable measures to evaluate and treat Mr. Beaty's back pain. Therefore, she is entitled to summary judgment in her favor.

### IV. Conclusion

For the foregoing reasons, the defendant's unopposed motion for summary judgment. dkt. [37], is **granted.** The claim against Nurse Monk is **dismissed with prejudice.** Judgment consistent with this Entry and the Entry Screening Complaint, dkt. [12], shall now issue.

IT IS SO ORDERED.

Date: 10/28/2020

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ADAM T BEATY
109398
Miami Correctional Facility - BH/IN
3038 West 850 South
Bunker Hill, IN 46914-9810

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Angela Marie Rinehart
KATZ  KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com

Jarod Zimmerman
KATZ  KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com